[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was returned to court on December 19, 1995. The complaint as amended alleged in the first count a breach of contract and in the second count a claim for the reasonable value of the services and materials that plaintiff claims it provided to defendant. On or about November 1992, the plaintiff was in the business of providing services and materials as an excavating, grading and site work subcontractor. The defendant is in the development business and on or about November 1992 through December 1993 was developing a subdivision in North Branford, Connecticut, known as Trinity Estates, McMahon Lane, a/k/a McMann Lane, a/k/a 58-78 Sea Hill Road, North Branford, Connecticut. CT Page 7161
The dispute between the parties arises from plaintiff's claim that it rendered services and materials for the defendant at the subject subdivision from November 1992 through December 1993 for a total cost or charge of $125,920 for which the defendant paid $73,970, leaving a principal sum due and owing of $51,950 dollars.
The defendant admitted it entered an agreement with the plaintiff whereby plaintiff was to provide excavation and site preparation services at its subdivision known as Trinity Estates but denies that the total cost or charge for the services provided was or is $125,920.
The defendant pleaded three special defenses all of which were denied by the plaintiff:
FIRST SPECIAL DEFENSE-PAYMENT PURSUANT TO CONTRACT:
The defendant, Trinity Estates Development Corporation, has paid the plaintiff for the materials and services provided by the plaintiff according to the terms of the agreement between the parties.
SECOND SPECIAL DEFENSE-PAYMENT OF REASONABLE VALUE:
The defendant, Trinity Estates Development Corporation has paid the plaintiff the reasonable value, or in excess of the reasonable value, of the services and materials provided by the plaintiff.
THIRD SPECIAL DEFENSE-LACHES:
1. The plaintiff commenced this action by way of writ, Summons, Complaint and Application for prejudgment Remedy, dated November 9, 1995.
2. The plaintiff failed to make demand upon the defendant, or otherwise assert its claims upon the defendant, prior to the commencement of this action.
3. The plaintiff's failure to make demand for payment, or otherwise assert its claims, within the period of time between the last alleged date of performance and the commencement of this action was unreasonable and inexcusable. CT Page 7162
The matter went to trial on November 20, and November 21, 1996. At trial the plaintiff elected to withdraw its second count in Quantum Meruit and to proceed on its breach of contract count.
The pleadings, testimonial and documentary evidence enables the court to find that the parties did enter an agreement whereby plaintiff agreed to install catch basins and storm or surface water lines in the subdivision road; to install utility conduits to the proposed lots; to box and excavate the proposed road; and to do preparatory work for the sites of the 22 lots. The parties agreed that the work would be paid for on an hourly basis at a reasonable rate. Neither party specified in the oral arrangement precisely which work was to be done by plaintiff. Eventually, plaintiff worked on 16 of the 22 lots, dug foundations for one and perhaps two houses, excavated driveways for 16 lots; and installed 22 catch basins and 2,160 linear feet of concrete pipe in the road, and performed miscellaneous other services including digging utility trenches and excavating a road bed for the defendant.
The plaintiff corporation was wholly owned by George Tenedine. Aside from day laborers, he operated the machinery on the site and was responsible for the billing to defendant. These bills (Exhibit 1) totalled $84,700. The bills are dated Jan. 24, 1993, Jan. 31, 1993, May 5, 1993, June 8, 1993, July 10, 1993, Sept. 12, 1993, Nov. 30, 1993 and Nov. 20, 1993. The bills specify the dates worked and the hourly charges. The bills indicate the machinery used and in some instances the type of work performed such as "street work",Jan. 6, 1993; finalconnection of pipe work", Jan. 8, 1993; City Road", Jan. 20, 1993; brakefrost water line", March 1, 1993"; Electricwirework", 3/23/93, 3/26/93, 3/27/93, 3/31/93, 4/26/93, 8/25/93, 9/2/93. "Stump work", April 20, 1993; "Road work",
4/19/93, 4/20/93, 4/21/93, 4/28/93, 5/18/93, 5/27/93, 6/15/93, 6/16/93, 6/17/93, 6/18/93, 6/21/93, 6/22/93, 7/26/93, 7/28/93, 7/29/93, 7/30/93 — Woods Hill Road 11/3/93, 11/8/93. "Water Tank"
5/21/93, 9/18/93, 5/26/93. "Driveway", 5/20/93, "Pipe work",
6/2/93, 6/3/93, 6/4/93, 6/7/93, 6/8/93, 6/9/93, 7/17/93, 7/19/93, 7/20/93, 7/23/93, "Lot 8" 6/5/93, "Lot 9" 6/7/93, "Lot 5"
9/14/93, 9/16/93, 9/17/93, "House work" 6/10/93, 6/11/93, 6/21/93, 6/23/93; "Grubbing" 6/25/93, 6/28/93, 9/7/93;"Gambardella House" 7/14/93; "Vibratory Roller" 8/23/93. The court finds that Tenedine performed the work billed for in a satisfactory manner at a reasonable cost. CT Page 7163
According to the bills submitted (Plaintiff's Exhibit 1) the total hours billed to defendant was 1870. Plaintiff bases its claim for damage on unbilled time of 792 hours. Plaintiff claims compensation for a total of 2662 hours. This number of hours is based on Mr. Tenedine's log (Plaintiff's Exh. 3) which he prepared daily according to his wife's testimony. Unfortunately Mr. Tenedine died before the matter could be tried. The entries in the log are even less detailed than the billing.
The plaintiff prepared handwritten bills to the defendant between January 24, 1993 and November 20, 1993. The plaintiff did not keep copies of these bills. Plaintiff's Exhibit (1) was discovered from the defendant. Plaintiff apparently did not keep a ledger or running balance since none was offered in evidence. The plaintiff is seeking to recover compensation for a significant amount of time not contained in Exhibit 1. Plaintiff's log indicates he logged a considerable amount of time in October 1993, November 1993 and in December 1993, which is not reflected in the monthly bills submitted in Exhibit 1. Plaintiff's bill dated November 20, 1993 contains entries for November 3 and November 8 only. Plaintiff's bill dated November 30, 1993 details work from September 2 through September 30. Neither bill contains any reference to October 1993 work whereas the log lists 133 hours for a total of $6,920 dollars. Neither of these bills reference the total number of hours listed in plaintiff's log for November 1993, 106 hours, $5,750 dollars. Although as indicated the November 20, 1993 bills contain reference to November 3, 1993 and November 8, 1993; There was no bill for December 1993 or January 1994 submitted in evidence for work shown in plaintiff's log for December 1993, 106 hours, 5,750. Based on Exhibit 1 the plaintiff's practice was to submit bills for work performed in the prior month. Defendant's construction supervisor was adamant that plaintiff did not work on the site in either November 1993 or December 1993.
The evidence, Plaintiff's Exhibit 2, indicates that defendant continued to make payments to or on behalf of plaintiff in November 1993, December 1993, January 1994, April 1994 and June 1994. The plaintiff introduced into evidence no further bills after November 30, 1993. Mrs. Tenedine testified that she contacted the defendant about a balance she believed due the corporation but was unable to give a specific balance. Defendant's construction supervisor and project manager denied there was any money due after June 27, 1994. CT Page 7164
The court cannot speculate why plaintiff's records are in such poor condition and it cannot ascribe to plaintiff's log (Plaintiff's Exh. 3) the weight necessary to overcome the evidence contained in Plaintiff's Exhibits 1 and 2.
Two experts testified: one for plaintiff, the other for the defendant. Plaintiff's expert provided satisfactory evidence that Tenedine's hourly rates were reasonable and that he did all of the work for which he submitted bills. Defendant's expert corroborated plaintiff's expert on the issue of a reasonable hourly rate. He found no fault with the quality of Tenedine's work but opined that 2600 or 2700 hours of billable time for the work performed was in his words "stretching it a bit."
The court concludes that the bills prepared by Mr. Tenedine are the best evidence of the work done by him. The logs are ambiguous particularly since there is some evidence that Tenedine may have worked during this period for some individuals who owned lots in the subdivision. The bills submitted to the defendant totalled $84,700. Defendant paid the sum of $73,900 by checks made payable to George Tenedine. In addition the Defendant offered evidence that Mr. Tenedine three checks, drawn to Leonard Concrete Pipe, these checks dated 10/22/93 ($5000); 10/22/93 ($5000); 11/22/94 ($476.20); total $10,476.20. Defendant contends that the pipe was purchased by Tenedine and was his obligation that therefore it is entitled to a $10,476.20 credit against the total bill. There is no reference to such an obligation in Tenedine's log or in any billings to defendant. Mrs. Tenedine knew nothing about these three checks. If plaintiff obligated himself to pay for this pipe he would have billed defendant for it; he did not. Furthermore, the evidence is persuasive that the agreement between the parties obligated plaintiff to provide labor, both manual and mechanical only.
Defendant also seeks a credit for some 3000 yards of loam which it alleges was appropriated with its permission by the plaintiff. The evidence on this claim would not support a finding for the defendant.
Based on all the credible evidence. the court finds a balance due and owing from defendant to plaintiff in the amount of $10,730. Likewise, the court finds that defendant has failed to prove by a fair preponderance of evidence the allegations of its first, second and third special defense. CT Page 7165
Judgment may enter for the plaintiff in the amount of $10,730 with interest from June 27, 1994 and with costs.
Dorsey, J. Judge Trial Referee